IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KEVIN HOLT, on behalf of himself
and all others similarly situated                                                                              PLAINTIFF

V.                                           Civil No. 4:14-cv-4030

FORD MOTOR COMPANY                                                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Remand (ECF No. 22) filed on behalf of Plaintiff Kevin Holt ("Holt"). Defendant Ford Motor Company ("Ford") has responded. (ECF No. 24). The Court finds the matter ripe for consideration.

BACKGROUND

On April 24, 2012, Holt filed a class action complaint in the Circuit Court of Miller County, Arkansas, against Ford. In his complaint, Holt alleges that Ford "distributed, sold, leased, serviced, and/or warranted to or for citizens of Arkansas hundreds, if not thousands, of model year 2005 to 2011 Ford Focus vehicles" and those vehicles have suspension defects that cause "uneven and/or premature tire wear and handling concerns." Holt seeks to represent a class consisting of "any owner or lessee of a model year 2005 to 2011 Ford Focus model vehicle registered in Arkansas, who is a citizen of Arkansas."

Holt's complaint contains a damages stipulation that the class will not seek damages in excess of $5,000,000 and disclaimed all forms of relief including attorneys' fees and punitive damages if such damages would cause a judgment to exceed $5,000,000. His complaint further states that the case is not removable on the basis of the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") and warns that an attempt by Ford to remove the case will force Holt to seek sanctions, attorneys' fees, and costs.

1

Holt's complaint preceded the United States Supreme Court's March 19, 2013 opinion in *Standard Fire Ins. Co. v Knowles*. __ U.S. __, 133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013). In *Knowles*, the Supreme Court held that stipulations, like the one in Holt's complaint, do not prevent removal under CAFA. *Id.* Without the benefit of the *Knowles* decision, Ford assumed that the stipulation effectively prevented federal jurisdiction and did not remove the case at that time. Thus, litigation proceeded in state court.

On January 23, 2014, Ford deposed Holt. In his deposition, Holt testified that he was seeking reimbursement for replacing tires that he believed wore prematurely because of the alleged suspension defect. He testified that he paid $360 for replacement tires. Knowing that it sold 6,938 Focus vehicles model year 2005 to 2011 to Arkansans, Ford believed that Holt's deposition provided notice of a recovery exceeding $5,000,000. Specifically, in addition to the compensatory damages, Ford considered that Holt's complaint seeks attorneys' fees and states facts upon which punitive damages might be awarded. Ford then removed the case to this Court on February 12, 2014, asserting that this Court had federal jurisdiction pursuant to CAFA. Holt then filed the instant motion to remand arguing that Ford's removal is untimely.

## DISCUSSION

"CAFA provides the federal courts with original jurisdiction to hear a class action if the class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,000." *Knowles*, 133 S.Ct. at 1348 (quotations omitted). A defendant seeking to remove under CAFA must file a "notice of removal . . . within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *See* 28 U.S.C. § 1446(b)(1). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

Holt asserts that Ford's removal is untimely because his February 2012 complaint first informed Ford of an amount in controversy exceeding $5,000,000 and Ford failed to remove the case until January 2013. Ford argues that the damages stipulation in Holt's complaint prevented it from removing the case prior to the Supreme Court's decision in *Knowles*. In other words, Ford argues that because Holt filed his complaint prior to *Knowles* and the Eighth Circuit upheld the effectiveness of damages stipulations at that time, the stipulation prohibited removal.

This Court has already considered and rejected a similar argument in *Strickland v. Visible Measures*. No. 4:13-cv-4030, 2014 WL 1233105, at *2 (W.D. Ark. March 25, 2014). In *Strickland*, the plaintiffs filed their first amended complaint containing a damages stipulation on December 6, 2011. *Id.* at *1. Assuming the stipulation defeated federal jurisdiction under CAFA, the defendant did not remove the case at that time. *Id.* Later, on March 22, 2013, the defendant removed the case, asserting jurisdiction under CAFA based on information it learned from a February 2013 deposition. *Id.* The plaintiffs filed a motion to remand asserting that the removal was untimely because their first amended complaint sought damages in excess of $5,000,000 and the defendants failed to remove within 30 days upon receipt of that complaint. *Id.* at *2. The defendant argued that it could not remove the case because of the damages stipulation in the plaintiffs' first amended complaint. *Id.*

This Court rejected the defendant's argument and reasoned that despite the Eighth Circuit authority pre-*Knowles*, defendants continued to remove cases to this Court challenging damages stipulations. *Id.* Specifically, this Court cited cases where the defendants removed suits to this

Court notwithstanding the Eighth Circuit precedent at the time and pointed out that those cases are currently pending before this Court for reconsideration of the plaintiffs' motion to remand in light of the *Knowles* decision. *Id.* (citing *Goodner v. Clayton Homes, Inc.*, No. 4:12-cv-4001, 2012 WL 3961306, at *1 (W.D. Ark. Sept. 10, 2012); *Basham v. Am. Nat. Cnty. Mut. Ins. Co.*, No. 4:12-cv-4005, 2012 WL 3886189, at *1 (W.D. Ark. Sept. 6, 2012)). Accordingly, this Court concluded that "removal prior to the *Knowles* decision was neither prohibited nor futile." *Id.*

Ford asserts that the instant case is distinguishable from cases like *Strickland* and *Basham* because Holt filed his complaint after the Eighth Circuit's February 2, 2012 decision *Rolwing v. Nestle*. 666 F.3d 1069 (8th Cir. 2012), abrogated by *Knowles*, __ U.S. __, 133 S. Ct. 1345, 185 L. Ed. 2d 439. Specifically, Ford contends that prior to *Rolwing*, Eighth Circuit law was unsettled concerning the effectiveness of damages stipulation. However, Ford argues that *Rolwing's* ruling that a damages stipulation effectively prohibited removal under CAFA "established the law of this circuit" at that time. Accordingly, Ford claims that, in light of *Rolwing*, the stipulation in Holt's complaint prevented it from removing the case.

The Court disagrees. As the *Rolwing* court specifically noted, it relied on the 2009 decision of *Bell v. Hershey* to conclude that the stipulation prohibited removal: "We have previously stated that a binding stipulation limiting damages sought to an amount not exceeding $5 million can be used to defeat CAFA jurisdiction." *Id.* (citing *Bell v. Hershey Co.*, 557 F.3d 956, 958 (8th Cir. 2009)). A case in which the court directly cites another Eighth Circuit case for a proposition cannot be said to have "established the law of this circuit." Thus, the Court finds that *Rolwing* did not prevent Ford from removing the instant suit.

In the alternative, Ford argues that it could not remove the case upon receipt of Holt's complaint because the complaint did not explicitly disclose an amount in controversy of

4

$5,000,000. Ford contends that it learned that the amount in controversy exceeded $5,000,000 on January 23, 2014, when Holt stated in his deposition that he paid $360 for new tires. Specifically, Ford argues that Holt's testimony "was the first time in the history of the case that [it] had any concrete basis for estimating the possible recovery" of the proposed class.

The Court finds Ford's argument unpersuasive. The Eighth Circuit has held that the time limit under § 1446(b) begins to run upon receipt of a complaint "when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdiction amount." *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000). Holt's April 24, 2012 complaint alleged that the suspension defect "necessitates factory tire replacement at less than 20,000 miles when . . . expected factory tire tread duration is 75,000." Thus, Holt's complaint "explicitly disclose[d]" that damages for tire replacement were in controversy, and Ford's attempt to remove based on the cost to replace tires nearly two years later is untimely. Accordingly, the Court must remand the case to state court.

## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's Motion for Remand should be and hereby is **GRANTED**. The case is remanded to the Circuit Court of Miller County, Arkansas, for further proceedings.

**IT IS SO ORDERED**, this 22nd day of August, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District